NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LAURENCE LEE GATES, *Appellant.*

No. 1 CA-CR 24-0082

FILED 11-19-2024

Appeal from the Superior Court in Maricopa County
No. CR2020-128344-001
The Honorable Ronee Korbin Steiner, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Michael J. Dew, Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

Laurence Lee Gates, San Luis
*Appellant*

---

**MEMORANDUM DECISION**

Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

---

**W E I N Z W E I G**, Judge:

¶1   Laurence Lee Gates appeals his conviction and sentence for misconduct involving weapons, A.R.S. § 13-3102(A)(4). After searching the record and finding no arguable, non-frivolous question of law, Gates's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for fundamental error. Gates filed a supplemental brief. After reviewing the record, we affirm Gates's conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

¶2   In 2020, Scottsdale Police were dispatched to a motel for a family fight, where they met Gates and his girlfriend. His girlfriend told police that Gates had a shotgun in their room, which Gates admitted, pointing to a gun case. Officers entered the room, secured the shotgun and arrested Gates, who admitted to being a felon and handling the weapon.

¶3   A jury found Gates guilty of violating A.R.S. § 13-3102(A)(4), misconduct involving weapons (prohibited possessor). The superior court found Gates had nine historical felonies and sentenced him to the presumptive term of ten years imprisonment. Gates timely appealed. We have jurisdiction pursuant to Ariz. Const. art. VI, § 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

¶4   We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶5   Gates was present and represented by counsel at all stages of the proceedings against him. The record shows that the superior court afforded Gates all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings,

and the evidence presented at trial, as summarized above, was sufficient to support the jury's verdict. Gates's sentence falls within the range prescribed by law, with sufficient credit given for presentence incarceration.

**¶6** Gates filed a supplemental brief arguing the superior court should have granted his Rule 20(a) motion because there was no evidence he had access to or physically possessed the shotgun. *See* Ariz. R. Crim. P. 20(a). We review the denial of a Rule 20(a) motion for acquittal based on whether the record contains substantial evidence to warrant a conviction. *State v. West*, 226 Ariz. 559, 562, ¶ 14 (2011). Convicting under A.R.S. § 13-3102(A)(4) does not require access to or actual possession of the firearm; it may be constructively possessed. *State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 9 (App. 2013). "Constructive possession exists when the prohibited property is found in a place under the defendant's dominion or control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence of the property." *State v. Ingram*, 239 Ariz. 228, 233, ¶ 21 (App. 2016) (quotation omitted).

**¶7** Gates was standing outside a hotel room when police arrived and the shotgun was found in the room. During questioning, Gates pointed to the gun, said it was his and admitted handling it. The record has sufficient evidence to establish Gates had constructive possession of the gun.

## CONCLUSION

**¶8** Gates's conviction and sentence are affirmed. Counsel's obligations in this appeal will end once Gates is informed of the outcome and his future options, unless counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Gates has 30 days from the date of this decision to proceed with a pro se motion for reconsideration or petition for review.

